## In re SEALED CASE.

### No. 87–5257.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 20, 1988.

Decided Jan. 27, 1989.

John F. Mercer, of the bar of the District of Columbia, pro hac vice, by special leave

of Court, with whom William R. Hyde, Jr., Washington, D.C., was on the brief, for appellant.

Bradley L. Kelly, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

Separate opinion filed by Circuit Judge SENTELLE.

PER CURIAM:

This is an appeal from a judgment of the District Court denying a petition for sanctions and other relief filed by the appellant for alleged unlawful disclosures by Government attorneys of matters occurring before the grand jury. Because the appellant has failed to establish a *prima facie* case based on violations of Federal Rule of Criminal Procedure 6(e)(2) ("Rule 6(e)(2)"), we affirm the judgment of the District Court.

## I. BACKGROUND

On June 11, 1988, the appellant filed a motion with the District Court for Rule 6(e) sanctions and other appropriate relief. The appellant alleged that the United States Attorney and his agents had improperly disclosed to the press: (1) information concerning an FBI undercover investigation; (2) five search warrants filed on the public record of the District Court and the inventories compiled by the FBI in executing these warrants; and (3) various matters allegedly occurring before a grand jury including the disclosures cited above. The appellant argues that these disclosures violated the rule of secrecy embodied in Rule 6(e)(2).[1] The appellant petitioned the Dis-

---

1. Rule 6(e)(2) provides the "general rule of secrecy" for grand jury proceedings:

   A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to

   whom disclosure is made under paragraph (e)(A)(ii) of this subdivision shall not disclose matters, occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this

trict Court (1) to cite the United States Attorney and his agents for contempt, (2) to issue a "cease and desist" order to the U.S. Attorney enjoining any future violations, (3) to refer the matter to the District of Columbia Bar Association for "appropriate action," (4) to appoint a "special prosecutor" to investigate the alleged violations, and (5) to dismiss any grand juries investigating the appellant. *See* Brief for Appellant at 3. The appellant also requested an evidentiary hearing on the alleged misconduct.

In support of these claims, the appellant submitted a series of newspaper articles allegedly pertaining to matters occurring before the grand jury. The appellant also submitted excerpts of search warrant returns that were publicly filed with the District Court; a May 22, 1987, press release from the United States Attorney announcing the end of an undercover investigation of public corruption in the District of Columbia; and an affidavit alleging that the appellant experienced personal harm resulting from the alleged Government leaks to the press.

The appellees opposed the petition for sanctions on the grounds that the appellant had not presented a *prima facie* case of Rule 6(e) violations. The appellees also argued that the appellant had not presented sufficient evidence to justify the extraordinary relief of dismissing the grand jury.

On July 28, 1987, the District Court denied the appellant's petition in its entirety. *See In re: A Grand Jury Investigation,* Misc. No. 87–0206 (under seal) (D.D.C. July 28, 1987). In reviewing the allegations of the petition and the evidence introduced to support them, the District Court concluded that the appellant had failed to establish a *prima facie* case of a violation of Rule 6(e)(2).

By order on March 10, 1988, this court summarily affirmed the District Court's denial of the appellant's motion to dismiss the grand jury, on the grounds that such relief was precluded under *Deaver v. Seymour,* 822 F.2d 66 (D.C.Cir.1987). We ordered the

parties to brief the remaining issues raised by the appellant in this case.

## II. ANALYSIS

The issues presented here are almost identical to those raised in *Barry v. United States,* 865 F.2d 1317 (D.C.Cir. 1989), which we also decide today, except that the appellant here has sought both criminal and civil contempt sanctions. In deciding this appeal, we have fully considered and applied the legal principles enunciated in *Barry.* Accordingly, we will not repeat the legal analysis offered in that opinion.

### A. *Nature of This Action and Its Appealability*

As in *Barry,* we find that the cause of action stated in the appellant's petition is civil, not criminal, and that it arises solely under Rule 6(e)(2). Our reasons for this judgment are precisely the same as those given in *Barry.* Thus, as in *Barry,* we hold that the judgment of the District Court is appealable under either 28 U.S.C. § 1292(a)(1) (1982) or 28 U.S.C. § 1291 (1982).

### B. *Appellant's Failure to Make Out a* Prima Facie *Case Under Rule 6(e)(2)*

In *Barry,* we found at least one news article that established a *prima facie* violation of Rule 6(e)(2). In the instant case, however, we agree with the District Court that none of the evidence offered by appellant is sufficient to make out a *prima facie* case that Government attorneys or agents were the sources of any information about matters occurring before the grand jury. *See United States v. Eisenberg,* 711 F.2d 959, 963 (11th Cir.1983). Finding no evidence of a *prima facie* case of a violation of Rule 6(e)(2), we affirm the action of the District Court dismissing this case.

AFFIRMED.

SENTELLE, Circuit Judge, concurring:

I agree with the majority that the action of the District Court in dismissing this case

rule. A knowing violation of Rule 6 may be punished as a contempt of court.

was correct. I do not, however, share the majority's rationale. My concurrence in the result is based on the reasoning expressed in my dissent in *Barry v. United States*, 865 F.2d 1317, at 1326 (D.C.Cir. 1989). Rule 6(e)(2) creates no private claim for relief or ground for civil, as opposed to criminal, contempt.